Butler and Frost, JJ.
We concur in the result of the opinion, except in so far as it charges the defendant with the sale of the lands.
O’Neall, J.
1st. 1 think the deed of marriage settlement was well executed by Cloe Sanders’ signing, sealing and delivering it in the name oí Elizabeth Wallace, in her presence and at her request. It thus became as much her act and deed as if she had signed, sealed and delivered it herself. To such a case the statute of frauds has no application.
2d. I think the defendant is chargeable with the proceeds of the sale of neither of the tracts of land. The title is in the trus *449 tee, and after the determination of the use for life he may recover the land.
3d. I agree that the defendant should account for the amount set out in the schedule, as the sums due by Parham, Wallace and Sanders. This is the nearest approximation to what was intended which the deed permits.
4th. I am satisfied, that the aggregate of these sums should be declared to have a lien on the slaves purchased from the executors of Wallace, and from Parham, now in the possession of the defendant, and their increase, to secure its payment to the trustee, on the falling in of the life estate.
Evans, J. concurred in the views of O’Neall, J.